UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ARTHUR JOHNSON,

                Petitioner,                    **MEMORANDUM AND ORDER**
                                                              12-CV-6432 (RRM)

   - against -

STATE OF NEW YORK,

                Respondent.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

      On December 28, 2012, *pro se* petitioner John Arthur Johnson filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his ongoing criminal action in Queens County. For the reasons discussed below, the petition is dismissed without prejudice as premature.

## DISCUSSION

      The Court notes that petitioner has filed related *pro se* matters before this Court. In Johnson v. State of New York, 12-CV-3213 (RRM), petitioner brought a similar petition under 28 U.S.C. § 2254, also challenging his ongoing criminal action in Queens County on speedy trial and double jeopardy grounds. The Court dismissed that petition by Order dated July 12, 2012. See Doc. No. 4. As the Court noted in that order, petitioner also filed a related civil matter pursuant to 42 U.S.C. § 1983, Johnson v. Pugh et al., 11-CV-0385 (RRM)(MDG), alleging claims of false arrest and malicious prosecution against members of the Queens County District Attorney's Office and the New York Police Department, which has been stayed until 20 days after the conclusion of petitioner's criminal matter. Additionally, petitioner brought a petition similar to that filed here in 2011, Johnson v. State of New York, 11-CV-2237 (RRM). That petition also challenged his

ongoing criminal proceedings in state court. This Court dismissed the petition as premature by Order dated May 18, 2011. See Doc. No. 3.

In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982).

Here, it is clear that petitioner is not in custody pursuant to a state court judgment, because on November 27, 2012, defendants in petitioner's related § 1983 action filed a status report advising that petitioner's criminal matter was set for trial on January 3, 2013. See Johnson v. Pugh et al., 11-CV-0385 (RRM), Doc. No. 46. Therefore, since there is no indication that petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254, the instant petition is premature and is dismissed without prejudice. See 28 U.S.C. § 2254; Haynes v. Fiorella, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies); Williams v. Horn, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."); see also Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of

petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.  A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  <u>Coppedge v. United States,</u> 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail to petitioner *pro se* via U.S. mail a copy of this Order and the accompanying Civil Judgment, which has been separately docketed, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York  
       January 11, 2013

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge